Forest C. **PENDLETON**, Jr., d/b/a Pendleton Insurance Company, Appellant,

v.

**RELIANCE INSURANCE COMPANY,**
Appellee.

**RELIANCE INSURANCE COMPANY,**
Appellant,

v.

Forest C. **PENDLETON**, Jr., d/b/a Pendleton Isurance Company, Appellee.

No. 22334.

United States Court of Appeals
Fifth Circuit.

May 10, 1966.

Ralph E. Orpys, New Orleans, La., for appellant.

Malcolm W. Monroe, New Orleans, La., Deutsch, Kerrigan & Stiles, New Orleans, La., of counsel, for appellee.

P. A. Bienvenu, Bienvenu & Culver, New Orleans, La., for Glens Falls Ins. Co., third-party defendant and appellee.

Before JONES and GEWIN, Circuit Judges, and HUNTER, District Judge.

PER CURIAM:

In this case where diversity of citizenship is the ground of Federal jurisdiction, recovery was sought by the appellant, Forest C. Pendleton, against the appellee, Reliance Insurance Company, for damage to his business reputation. His claim was asserted under La.Civ. Code Art. 2315.[1] Reliance asserted that recovery, if any, was limited by Article 1935.[2] The district court granted summary judgment for Reliance. We are persuaded that no error was committed and therefore affirm the judgment.

Reliance had filed a third party complaint against Glens Falls Insurance Company for indemnity in the event it was held liable to Pendleton, and has taken a protective appeal from a summary judgment in favor of Glens Falls. It follows from the affirmance of the judgment of Reliance against Pendleton that the judgment in favor of Glens Falls against Reliance must also be affirmed.

The judgments of the district court appealed to this Court are

Affirmed.

---

1. Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; * * *. L.S.A. C.C. Art. 2315.

2. The damages due for delay in the performance of an obligation to pay money are called interest. The creditor is entitled to these damages without proving any loss, and whatever loss he may have suffered he can recover no more. L.S.A. C.C. Art. 1935.